```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KEVIN LINDSEY,                                              :
                                                            :
                        Plaintiff,                          :
                                                            :     REPORT and RECOMMENDATION
                -against-                                   :
                                                            :     10 Civ. 3931 (JSR)(KNF)
DETECTIVE GEORGE LUTZ #122 OF                               :
HAVERSTRAW N.Y. POLICE DEPARTMENT and                       :
RAMAPO POLICE DEPARTMENT,                                   :
                                                            :
                        Defendants.                         :
------------------------------------------------------------X
```

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE JED S. RAKOFF, UNITED STATES DISTRICT JUDGE

## INTRODUCTION

The plaintiff, Kevin Lindsey ("Lindsey"), proceeding pro se, brings this action, pursuant to 42 U.S.C. § 1983, alleging George Lutz ("Lutz"), a Haverstraw Police Department ("HPD") detective, and the Ramapo Police Department ("RPD"), violated his Fourth and Fourteenth Amendment rights[1], by: (1) arresting and imprisoning him without cause; (2) planting the evidence used to indict him; and (3) taking a set of his keys improperly.[2]

Before the Court is Lutz's motion, pursuant to Fed. R. Civ. P. 12(c), for judgment on the pleadings, and RPD's motion, pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c), for an order dismissing Lindsey's Complaint, for failure to state a claim upon which relief may be granted, or for judgment

---

[1] In his Complaint, Lindsey pleaded his due process claim as arising under the Fifth Amendment. However, the Due Process Clause of the Fifth Amendment applies to the federal government, while the Due Process Clause of the Fourteenth Amendment applies to states. See Dusenbery v. United States, 534 U.S. 161, 167, 122 S. Ct. 694, 699 (2002). Accordingly, the Court, interpreting Lindsey's Complaint liberally, has understood his due process claim to arise under the Fourteenth Amendment.

[2] Lindsey also alleges that the defendants "kidnapped [sic]" him. The Court interprets Lindsey's kidnaping allegation to be identical to his claim for false imprisonment, as the allegation pertains solely to his transportation, by RPD and, then, HPD, to a Haverstraw police station, following his seizure by Lutz. See McMillan v. City of New York, No. 03 CV 626, 2009 WL 261478, at *6 (E.D.N.Y. Feb. 4, 2009) (finding plaintiff's claim of kidnaping to be synonymous with false arrest where reference to kidnaping alluded only to his arrest); see also Johnson v. Constantellis, No. 03 Civ. 1267, 2005 WL 2291195, at *10 n.11 (S.D.N.Y. Aug. 10, 2005) (noting that if the plaintiff "was not falsely arrested or imprisoned, he could not have been kidnaped).

on the pleadings.

## BACKGROUND

The following facts are derived from the Complaint, and accepted as true, for the purpose of resolving the defendants' motions:

On November 2, 2009, Lutz visited Lindsey's residence and asked him to step outside. When Lindsey complied, Lutz handcuffed and escorted him to a RPD vehicle. Thereafter, RPD officers drove Lindsey to a parking lot and transferred custody of him to HPD. HPD officers transported Lindsey to a Haverstraw police station, where Lutz informed Lindsey that he was under arrest for armed robbery.

During the booking process, HPD officers took from Lindsey a cell phone and a set of keys to his vehicle and house. The following day, Lindsey learned that his keys where not kept with his cell phone; rather, Lutz retained the keys overnight. Lutz used the keys to enter Lindsey's home, prior to obtaining a search warrant, and planted evidence later used to obtain an indictment against Lindsey.

In addition to the facts derived from the Complaint, the Court takes judicial notice of the following[3]:

On November 2, 2009, upon a positive identification by the victim that Lindsey had been the individual who robbed him at knife-point on October 30, 2009, Lindsey was charged, in Rockland

---

[3] Although both defendants have submitted materials outside the pleadings in support of their respective motions, the Court has determined not to treat either motion as one for summary judgment. See Fed. R. Civ. P. 12(d). Notwithstanding the Rule 12(d) conversion requirement, when deciding a motion under Rule 12(b)(6) or 12(c), a district court may consider matters of which judicial notice may be taken. Global Network Commc'ns v. City of New York, 458 F.3d 150, 156 (2d Cir. 2006); see Fed. R. Evid. 201. "[C]ourts routinely take judicial notice of documents filed in other courts, [] not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991). The facts of which the Court has taken judicial notice are derived from filings in the New York State County Court, County of Rockland ("Rockland County") and the Town of Haverstraw Justice Court and are, accordingly, appropriate subjects for judicial notice. See Fed. R. Evid. 201(b). Hence, the Court finds the judicial notice exception to the conversion requirement is applicable in the instant action.

County, with first-degree robbery.  On November 3, 2009, a Haverstraw town justice issued a search warrant for Lindsey's residence.

Thereafter, a Rockland County grand jury indicted Lindsey for first-degree robbery.  On October 12, 2010, a jury convicted Lindsey for that crime; he was sentenced to 25 years' imprisonment and five years' post-release supervision.

## DISCUSSION

**Standard Under Rule 12(b)(6) and 12(c)**

Under Fed. R. Civ. P. 12(b)(6), a party may move to dismiss a pleading for "failure to state a claim upon which relief can be granted," prior to serving a responsive pleading.  Under Fed. R. Civ. P. 12(c), "a party may move for judgment on the pleadings," after the pleadings are closed.  "The same standard applicable to Fed. R. Civ. P. 12(b)(6) motions to dismiss applies to Fed. R. Civ. P. 12(c) motions for judgment on the pleadings."  Bank of New York v. First Millennium, Inc., 607 F.3d 905, 922 (2d Cir. 2010) (citing Sheppard v. Beerman, 18 F.3d 147, 150 [2d Cir. 1994]).  Thus, a district court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party.  See Warney v. Monroe County, 587 F.3d 113, 116 (2d Cir. 2009); see also Ashcroft v. Iqbal, -- U.S. --, 129 S.Ct. 1937, 1949 (2009) (clarifying that a court is not bound to accept the veracity of "legal conclusions").  A party must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007); see Iqbal, 129 S.Ct. at 1949 (finding "[t]he plausibility standard" implies more than "sheer possibility," but less than probability).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S.Ct. at 1949.  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.

**False Arrest and Imprisonment**

Lindsey contends that Lutz arrested him without probable cause and that RPD's transfer of him into HPD custody, in transit to a Haverstraw police station, constituted false imprisonment.

"The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983." Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996) (internal citation and quotation marks omitted). Probable cause to arrest also precludes an action for false imprisonment because, under New York law, "the tort of false arrest is synonymous with that of false imprisonment." See Posr v. Doherty, 944 F.2d 91, 96 (2d Cir. 1991). "[A] conviction of the plaintiff following [] arrest is viewed as establishing the existence of probable cause." Cameron v. Fogarty, 806 F.2d 380, 387 (2d Cir. 1986), cert. denied, 481 U.S. 1016, 107 S. Ct. 1894 (1987). Accordingly, a plaintiff "can under no circumstances recover if he was convicted of the offense for which he was arrested." Id.

Lindsey was indicted, and later convicted at trial, for the same offense for which Lutz arrested him: first-degree robbery. Lindsey has not alleged that his conviction has been reversed on appeal. See Weyant, 101 F.3d at 852 (concluding that "[a] conviction that has been reversed on appeal is no evidence of the existence of probable cause"). In such a circumstance, Lindsey is precluded, as a matter of law, from pursuing his false arrest and false imprisonment claims, under state or federal law.

**Violation of Due Process Rights**

Lindsey contends that Lutz violated his due process rights by: (1) retaining custody of Lindsey's keys overnight, following Lindsey's booking, rather than securing them with his other property; and (2) entering Lindsey's home to plant evidence used later to indict him.

To state a claim for violation of procedural due process, a plaintiff must: (1) identify a property right; (2) show that the state has deprived him of the right; and (3) show the deprivation was effected without due process. See Local 342, Long Island Pub. Serv. Employees v. Town Bd. of

4

Town of Huntington, 31 F.3d 1191, 1194 (2d Cir. 1994).  The "threshold inquiry" is whether the plaintiff was entitled to the property at issue.  See id.

Lindsey's Complaint does not adequately plead his entitlement to his keys, as he was still in police custody during the time he contends Lutz had possession of them.  Even if Lutz's overnight retention of the keys could rise to the level of a constitutional deprivation, the Supreme Court has held "that an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post[-]deprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533, 104 S. Ct. 3194, 3204 (1984).  Lindsey has not alleged that he lacked an adequate post-deprivation remedy, or that available state remedies were inadequate, thereby precluding him from pursuing a due process claim.  See Jackson v. Burke, 256 F.3d 93, 96 (2d Cir. 2001); see also Carter v. Kress, No. 83 Civ. 1225, 1985 WL 100, at *1 (S.D.N.Y. Oct. 10, 1985) ("If property is taken by the police . . . and not voluntarily returned to an arrestee, the property owner has two adequate post-deprivation remedies under New York law: a common-law replevin action or, after demand, a proceeding under Article 78 of the [New York Civil Practice Law and Rules].") (citations omitted).

Furthermore, to the extent Lindsey may be contending that the seizure of his keys, during his booking, violated his right to be free from unreasonable searches because the officers failed to obtain a search warrant, his argument fails, as a matter of law.  As the Supreme Court has held, "it is reasonable for police to search the personal effects of a person under lawful arrest as part of the routine administrative procedure at a police stationhouse incident to booking and jailing the suspect. The justification for such searches does not rest on probable cause, and hence the absence of a warrant is immaterial to the reasonableness of the search."  Illinois v. Lafayette, 462 U.S. 640, 643, 103 S. Ct. 2605, 2608 (1983).

Moreover, Lindsey's substantive due process claim –  that Lutz planted the evidence used to indict him – must be dismissed, since "judgment in favor of the plaintiff would necessarily imply the

invalidity of his conviction[,]" Heck v. Humphrey, 512 U.S. 477, 487, 114 S. Ct. 2364, 2372 (1994), which Lindsey does not allege "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus." Id.; see Hill v. Melvin, No. 05 Civ. 6645, 2006 WL 1749520, at *9 (S.D.N.Y. June 27, 2006) ("When allegedly planted evidence is the basis of an arrest and criminal prosecution, a successful judgment in a § 1983 . . . [action] would necessarily undermine the criminal proceedings[.]").

**Municipal Liability**

The Supreme Court has long held that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037 (1978). Rather, "[p]laintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury." Connick v. Thompson, – U.S. –, 131 S. Ct. 1350, 1359 (2011) (citing Monell, 436 U.S. at 691-92, 98 S. Ct. at 2036. "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick, – U.S. –, 131 S. Ct. at 1359. In essence, a plaintiff suing a municipality must either allege the existence of an unconstitutional municipal policy, or a policy, which although itself constitutional, "constitutes a 'moving force' behind subsequent unconstitutional conduct." See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.7, 105 S. Ct. 2427, 2436 n.7 (1985).

Lindsey has not pleaded a Monell claim explicitly nor are his allegations sufficient to state a claim against RPD. The only allegation Lindsey asserts against RPD is that, following his arrest, RPD officers transferred custody of him to HPD. There is no indication that RPD officers were acting in accordance with a municipal policy, attributable to a municipal policymaker, at the time of Lindsey's arrest. See id. Even if they were, a municipal policy authorizing cooperation among law enforcement officials effecting an arrest cannot be said to be inherently unconstitutional. The

6

plaintiff has similarly failed to allege that a policy or custom of the Town of Ramapo or RPD has resulted in the systematic deprivation of constitutional rights. See id. (holding proof of more than a single incident is necessary to establish municipality liability for an otherwise constitutional policy). Accordingly, Lindsey has failed to state an actionable claim against RPD.

## RECOMMENDATION

For the reasons set forth above, I recommend that your Honor grant the defendants' respective motions, and dismiss the plaintiff's Complaint.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Jed S. Rakoff, 500 Pearl Street, Room 1340, New York, New York 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Rakoff. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140, 145, 106 S. Ct. 466, 470 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 58-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
June 16, 2011

Respectfully submitted,

*(signature)*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copies mailed to:

Kevin Lindsey
Carl Steven Sandel, Esq.
Michael L. Klein, Esq.

7